STATE of Missouri, Respondent,

v.

Bradford R. JONES, Appellant.

No. KCD 28868.

Missouri Court of Appeals, Kansas City District.

Aug. 29, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 12, 1977.

Application to Transfer Denied Nov. 14, 1977.

Roy W. Brown, John A. Wilson, Kansas City, for appellant.

John C. Ashcroft, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment of guilty and sentence to 20 years' imprisonment for assault with intent to kill with malice. § 559.180, RSMo 1969. Jury returned verdict of guilty and court fixed punishment under the second offender act.

This is the third in a series of cases involving the appellant. See *State v. Jones*, No. 28,583, Mo.App., 558 S.W.2d 233 and No. 28,667, Mo.App., 558 S.W.2d 242 decided contemporaneously. The charge here arises out of a robbery by two persons of a Pizza Hut restaurant on Wornall Road in Kansas City on January 22, 1975. Two persons carrying guns entered the Pizza Hut at around 11:30 P.M. The lower part of their faces was covered with bandanas. One went to the cash register and took its contents. The other went behind the counter and approached an employee, Corwin Gohn, who was talking on the telephone. This man, described by another witness as the shorter of the two robbers, told Gohn, "We want the money." When Gohn turned his head, the robber shot him in the neck.

The robbers fled and police were called. A spent .22 caliber bullet was found some 8½′ from the telephone used by Gohn.

On March 15, 1975, a police officer was told that an automobile had been struck by a second vehicle on a shopping center parking lot. The driver of the second vehicle was pointed out to the officer who approached the car and noticed that the driver appeared to be intoxicated. The driver was Gerald Wayne Miller. Miller was placed under arrest for driving while intoxicated. Search of Miller's person produced a .22 caliber pistol carried in his waistband. A blue and white bandana, a pair of wire cutters, a stocking cap and two pairs of leather gloves were found on Miller's person. A pillowcase was discovered under Miller's jacket. Miller was charged with careless driving, driving while intoxicated, driving while under the influence of narcotics and carrying a concealed weapon. He was released on bond.

Ballistics tests revealed that the .22 caliber bullet found at the Pizza Hut had been fired from the weapon found on Miller's person. On March 28, 1975, police arrested Miller, Miller's wife and appellant at the Millers' residence in Kansas City. Interrogation produced a statement from Miller, admitting the Pizza Hut robbery and naming appellant as the robber who shot Gohn. Interrogation of appellant ended with the questioned statement "What Jerry (Miller) says is true."

Appellant was charged with assault with malice by reason of the shooting of Gohn. Gohn and another employee testified con-

cerning the robbery and shooting but neither could identify the assailants. Miller testified and said that appellant participated in the robbery and shot Gohn. Officer VanBuskirk testified to appellant's statement.

The only evidence offered by appellant was a Kansas City Police pick-up order issued in connection with the Pizza Hut robbery which described the persons sought as: "Race N" "Sex M."

The case was submitted to the jury at around noon on April 21, 1976. At 6:00 P.M., the jury returned to the courtroom and the foreman told the court that the jury stood 11 to 1. The court thereupon, over appellant's objection, gave the "hammer" instruction. At 6:30 P.M., the jury returned to the courtroom and announced that it had reached a verdict of guilty.

After his motion for new trial had been overruled, the trial court, having previously found the second offender act applicable, sentenced appellant to 20 years' imprisonment, the sentence to be consecutive to those imposed in No. 28,583 and No. 28,667. This appeal followed.

In this court, the assignments of error duplicate those advanced and considered in the other two cases involving this appellant. In many instances, the argument is the same, verbatim, as in the other cases. Thus, in this case there is the objection to the overruling of the motion to suppress, to the admission of evidence of other crimes, to VanBuskirk's reading of the excerpts from Miller's statement dealing with the Pizza Hut robbery, to argument on the grounds of reference to failure of appellant to testify, to failure to direct a verdict of not guilty because of inconsistencies in the testimony of the state's witnesses, and finally to the giving of the "hammer" instruction.

There is no need to repeat what has been said concerning the ruling on the motion to suppress. See *State v. Jones*, No. 28,583, Mo.App., 558 S.W.2d 233. The evidence of other crimes deals with the stealing of an auto preparatory to the crime, evidence of drug possession and use and other crimes by Miller. The same argument is advanced as in the other cases, with no notice having been taken of the fact that the only reference to the auto theft was in the prosecutor's opening statement, the court ruling thereafter that evidence on that matter could not be produced and none was. The argument is lacking in merit here as in the other cases.

VanBuskirk's reading of the excerpts from Miller's statement relating to the Pizza Hut is subject to the same objection as in the other two cases and the same argument is advanced as was previously found wanting.

The argument objected to appeared in the prosecutor's statement: "The evidence uncontroverted that Bradford Jones was an addict." Objection was on the ground that there was no evidentiary basis for the statement. The objection was sustained and the jury instructed to disregard the statement but request for a mistrial was denied. Some time later, the prosecutor said: "Now it's evidence of that particular evening that we're talking about and the State's evidence of what happened that night is uncontroverted." No objection to that statement was made. Appellant now contends that the remarks of the prosecutor were comments on the failure of the appellant to testify. Again, it is to be noted that the first remark was not objected to on that ground and the second remark was not objected to at all. In any event, the same argument made in the prior cases is repeated. Again there was no direct reference to the failure of appellant to testify and what was said in the prior cases in disposing of similar objections is here applicable.

■ The inconsistency in the testimony of the state's witnesses lies largely in the fact that the employees said that the shorter of the two robbers went behind the counter and shot Gohn, whereas Miller, who was shorter than appellant, testified that appellant was the man who fired the shot. The discrepancy is not destructive of the state's case since both Miller and appellant would

be responsible, regardless of who fired the shot, and the case was submitted on that basis. Again the credibility of Miller is argued but that is not determinable as a matter of law.

The problem with the "hammer" instruction is the same as that in the other two cases. No abuse of discretion has been demonstrated.

Judgment affirmed.

All concur.